UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-009 |
| SEAN PICHON | SECTION: "C" (5) |

### ORDER AND REASONS

Before the Court is defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 USC § 3582. (Rec. Doc. 54). Counsel for the government and the defendant filed letter briefs regarding whether defendant was eligible for the reduction given his Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement to a specific sentence of 100 months. There was no oral argument. Based on the memoranda by parties, the record, and the applicable law, the Court GRANTS defendant's motion for a reduction of his sentence for the following reasons.

### I. BACKGROUND

Defendant Sean Pichon pled guilty to distribution of between five and fifty grams of cocaine base pursuant to a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement with a stipulated sentence of 100 months. This Court accepted the plea and sentenced the defendant to 100 months on June 27, 2007. (Rec. Doc. 52, 53).

### II. LAW AND ANALYSIS

The basis for the government's objection to any sentence reduction is that the defendant Jenkins was not sentenced "based on a sentencing range" that has been subsequently lowered by the Sentencing Commission, as required by 18 U.S.C. §3582, but rather was sentenced in accordance with a Rule 11(c)(1)(C) plea agreement. The government cites several cases as authority. The one case cited from the Fifth Circuit, *United States v. Brown*, 71 Fed. Appx. 383 (5th Cir. 2003), a four-sentence unpublished opinion, does in fact state what the government contends. However, under Fifth Circuit Rules 47.5.4 unpublished opinions lack precedential value. Furthermore, *Brown* contains no analysis of the issue and does not note if the stipulated sentence was based on the then-applicable guideline range. Instead, *Brown* cites to *United States v. Shaw*, 30 F.3d 26 (5th Cir. 1994) for the proposition that a Court has discretion in these matters. 71 Fed. Appx. at 383. The *Shaw* decision clearly supports this Court's discretionary authority to apply the §3582 reduction under a broad range of circumstances. *Id*. at 29.

The government also cites authority from other circuits that have in fact concluded that Rule 11 pleas to a stipulated sentence preclude a defendant from taking advantage of a subsequent guideline reduction under 18 U.S.C. §3582 (c)(2) . *See e.g.*, *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004)*; United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996); *but see U.S. v. Dews*, 551 F.3d 204 (4th Cir. 2008)(holding district court had authority to reduce sentence for cocaine base offense, even though defendant had a stipulated sentence pursuant to his plea). This Court respectfully disagrees with the reasoning of the *Peveler* and *Trujeque*, and as they are from the Sixth and Tenth circuits respectively, this Court is not bound by them.

The government maintains that absent the Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement, Pichon may have been subject to a 120 month statutory mandatory minimum penalty

2

if the government successfully proved up the prior convictions. At the time of sentencing, and without any enhancement for prior convictions, the then applicable guideline range was 70-87 months. The government does not maintain that it did not consider the possible guideline range in offering a plea agreement of 100 months, nor does it claim that the lower guideline range would not have reduced the 100 month offer to a lower amount. Indeed, the commentary under Sentencing Guideline 6B1.2 expressly encourages prosecuting attorneys prior to the entering of a guilty plea to disclose the facts of the case to the defendant that are relevant to a guideline determination.

Under Sentencing Guideline 6.B1.2(c), the Court is instructed to consider the guideline range in determining whether to accept a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement to a specific sentence. The Court did so in this case, accepting the stipulated plea based on what the Court understood the then-applicable guideline range to be.

If defendant had not entered into a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement, his sentence guideline range could have been reduced to 57-71 months absent a statutory enhancement. Hence it is appropriate to assess the same percentage enhancement as the original sentence (15%) but based on the lower guideline range, in this case resulting in 82 months.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant Sean Pichon's sentence is HEREBY REDUCED to a term of 82 months pursuant to 18 U.S.C. § 3582(c)(2). All other provisions of the June 27, 2007 judgment remain in effect.

3

New Orleans, Louisiana this 16th day of April, 2009.

                                                **HELEN G. BERRIGAN**
                                                **UNITED STATES DISTRICT JUDGE**