# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:    06-009** |
| **SEAN PICHON** | **SECTION: "C" (5)** |

## ORDER AND REASONS

Before the Court is the United States' Motion for Reconsideration (Rec. Doc. 61.)

Defendant opposes.  (Rec. Doc. 71.)  This matter was taken under advisement on the briefs.

Based on the memoranda by parties, the record in this case, and the applicable law, the Court

DENIES the government's motion for the following reasons.


## I.    BACKGROUND

Defendant Sean Pichon pled guilty to distribution of between five and fifty grams of

cocaine base pursuant to a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement with a stipulated

sentence of 100 months.  At the time of sentencing, and without any enhancement for prior

convictions, the then applicable guideline range was 70-87 months.  This Court accepted the plea

and sentenced the defendant to 100 months on June 27, 2007.  (Rec. Doc. 52, 53).   Following

Amendment 706 by the United States Sentencing Commission, defendant moved for Retroactive

Application of Sentencing Guidelines to Crack Cocaine Offense under 18 USC § 3582.  (Rec.

Doc. 54).  Counsel for the government and the defendant filed letter briefs regarding whether

defendant was eligible for the reduction given his Fed. R. Crim. P. Rule 11(c)(1)(C) plea

agreement to a specific sentence of 100 months. Under the revised Guidelines, absent a statutory enhancement, defendant would have been eligible for a 57-71 months guideline sentence. This Court granted defendant's motion for a reduction and reduced defendant's sentence to 82 months.

## II.    LAW AND ANALYSIS

As an initial matter, the Court notes that the Government does not offer any new legal authority supporting its motion for reconsideration. Rather, the Government, first and foremost, seeks to correct the record regarding its motivation in offering the 100-month plea agreement to defendant by introducing the affidavit of Assistant Attorney-General for the United States, Duane Evans. Mr. Evans testifies that it was the 120-month statutory minimum, and not the 70-87 month guideline range, that was the motivation behind the government's offer of 100 months. (Rec. Doc. 61-3.) The Court did note in its prior opinion that the government "does not maintain that it did not consider the possible guideline range in offering a plea agreement of 100 months, nor does it claim that the lower guideline range would not have reduced the 100 month offer to a lower amount." (Rec. Doc. 56 at 3.) However, Mr. Evan's affidavit does not change this Court's opinion regarding a reduction in defendant's sentence.

The key question at the time of sentencing was whether or not this Court would approve of the 11(c)(1)(c) plea agreement and sentence the defendant accordingly. The transcript of sentencing proceedings clearly indicates that this Court considered the stipulated sentence to be appropriate based on the then-applicable guidelines. As this Court previously noted, under Sentencing Guideline 6.B1.2(c), the Court is instructed to consider the guideline range in

determining whether to accept a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement to a specific sentence. The Court specifically did so in this case, accepting the stipulated plea based on what the Court understood the then-applicable guideline range to be. (Tr. Sent. Hr'g, June 27, 2007, Rec. Doc. 64 at 8)(noting "this sentence is actually in between the top of the guidelines without the enhancements and the enhancement. So, I think it's an appropriate sentence.") If defendant had not entered into a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement, his sentence guideline range could have been reduced to 57-71 months absent a statutory enhancement. Hence it is appropriate to assess the same percentage enhancement as the original sentence (15%) but based on the lower guideline range, in this case resulting in 82 months.


III.    **CONCLUSION**

Accordingly,

IT IS ORDERED that United States' Motion for Reconsideration (Rec. Doc. 61) is DENIED.

New Orleans, Louisiana this 25th day of August, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**